UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUCAS DOS REIS LAURINDO,

    Petitioner,

v.                                           Case No.:  2:20-cv-240-FtM-38MRM

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES
(USCIS),

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Lucas Dos Reis Laurindo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed on February 24, 2020.  Respondent filed a Response (Doc. 8) on March 9, 2020.  Petitioner was informed that he could file a reply but did not file.  For the following reasons, the Court denies the Petition.

## **BACKGROUND**

Petitioner is a citizen of Brazil and entered the United States on a B2 tourist visa on August 24, 2019, with authorization to remain in the country until February 23, 2020.  Petitioner was involved in a motor vehicle accident leading to the death of four individuals. (Doc. 1, Ex. A at ¶ 2).  As part of the Florida Highway Patrol's investigation of the accident, officers discovered that Petitioner was employed by Cramcrete LLC as a fulltime truck driver, in violation of his B2 visa.  (Doc. 1, Ex. A at ¶ 3).

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

U.S. Border Patrol and Customs Agents arrested Petitioner on February 21, 2020, at the Orlando International Airport as he was waiting to board a plane for Dallas and from there to Brazil. (Doc. 8 at Ex. B ¶ 4). Petitioner was issued a notice to appear that same day charging him with removability under 237(a)(1)(C)(i) for failure to maintain or comply with the conditions of the non-immigrant B2 visa. Petitioner remained in custody from February 21, 2020, until February 24, 2020, in the Orange, County Florida Jail. (Doc. 1, Ex B ¶ 5-6). Petitioner was transferred to Krome Servicing Process Center in the Southern District of Florida on February 24, 2020, and the next day he was sent to the Glades County Detention Center, in Glades County, Florida. (Doc. 1, Ex B ¶ 5-6). Petitioner filed this Petition in the Middle District of Florida, Orlando Division which transferred the case to the Fort Myers Division.

## **JURISDICTION AND TRANSFER**

Petitioner initiated this by filing his Petition with the United States District Court in for the Middle District of Florida, Orlando Division where he was detained after his arrest. After service upon and a Response from Respondents, the Orlando Division transferred the case to this Court. The Orlando Division found the proper venue to be the Fort Myers Division because Petitioner had been transferred from Orlando to Krome to Moore Haven, in Glades County after filing his Petition.

Jurisdiction attaches upon the initial filing for habeas corpus relief and jurisdiction is not destroyed upon transferring petitioner and custodial change.

> Once the court has acquired jurisdiction in a habeas corpus proceeding, such jurisdiction continues until the court has performed all acts necessary to grant all relief as is indicated in its jurisdictional power. Even the release of the prisoner from custody prior to completion of proceedings on the application, or transfer of custody to another person or place, will not divest the court of jurisdiction.

39 C.J.S. Habeas Corpus § 285 (Feb. 2020), *citing inter alia, Ex parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943) ("[W]e do not believe that passing about of the body of a prisoner form one custodian to another after a writ of habeas corpus has been applied for can defeat jurisdiction of the Court to grant or refuse the writ on the merits of the application."). The Supreme Court reaffirmed the continuing jurisdiction of the court once the habeas rule is satisfied. "*Endo*[2] stands for the important but limited proposition that when the Government moves a habeas petitioner after he properly files a petition naming his immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). This principle ingrained in habeas law prevents "the Kafkasque[3] specter of supplicants wandering endlessly from one jurisdiction to another in search of a proper forum only to find that it lies elsewhere." *Eisel v. Sec'y of the Army*, 477 F2d. 1251, 1258 (D.C. Cir. 1973). *See also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)(collecting cases). Indeed, Petitioner has been moved three times since being incarceration and placed in custody of ICE. But despite his recent movement to Moore Haven, he remains in an ICE contracted detention facility.

---

[2] *Ex parte Mitsuye Endo,* 323 U.S. 283, 304-306 (1944). In *Endo*, a Japanese-American citizen who was interned in California by the War Relocation Authority (WRA) sought relief by filing a § 2241 petition in the Northern District of California, naming as a respondent her immediate custodian. Subsequent to filing the petition, the Government moved her to Utah. The Supreme Court held, although the prisoner's immediate physical custodian was no longer within the jurisdiction of the Northern District, the Northern District "acquired jurisdiction in this case and that [Endo's] removal . . . did not cause it to lose jurisdiction where a person in whose custody she is remains within the district." *Id.,* at 306. The Court held under these circumstances, the assistant director of the WRA, who resided in the Northern District, would be an "appropriate respondent" to whom the District Court could direct the writ. *Id.,* at 304-305.

[3] The term describes an individual's unnecessary complicated and frustrating experiences, especially within a bureaucracy.

While there is no *per se* rule which prohibits transferring this action back and arguably transfer by the appellate court if appealed by petitioner might be proper, s*ee Griffin*, 751 F.3d 290, (on appeal by petitioner finding jurisdiction attached once petition properly filed and vacating transferee's dismissal of petition and transferring habeas back to original court for expeditious hearing on merits or approval of substitution of custodian), as a general rule the transferee court should not re-transfer a case "except under the most impelling and unusual circumstances." *In re Crager Industries*, 706 F. 2d 503, 505 (5th Cir. 1983). The Court will rule of the merits of the Petition to avoid the further delay of an adjudication of the underlying Petition.

## **DISCUSSION**

Petitioner argues his Habeas Petition should be granted releasing him from custody because his arrest violated his Fifth Amendment right to due process. The Fifth Amendment states that no person shall be deprived of life, liberty, or property without due process of law. Respondent argues that Petitioner's arrest and detention were lawful, his Petition is premature because Petitioner failed to exhaust his administrative remedies, and his claim is barred by 8 U.S.C. § 1252(g).

The Supreme Court has held a six-month period of detention is presumptively reasonable to effectuate removal; after which, an alien is eligible for conditional release if he can show there is "no significant likelihood of removal in the reasonable foreseeable future." *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas,* 533 U.S. at 701). This six-month presumptively reasonable period must have expired when a petition is filed. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

When Petitioner filed his Petition, his six-month period had not yet expired. Agents arrested Petitioner and took him into custody on February 21, 2020, he was transferred to Krome on February 24, 2020 and filed his Petition on the same day. When this Petition was filed, Petitioner had been in custody only three days, considerably less than the 180-day presumptive reasonable period.

The Petition is dismissed without prejudice as premature. Assuming Petitioner is still in custody at the expiration of the 180-day presumptive reasonable period, he may file a new petition, accompanied by the requisite filing fee or motion to proceed *in forma pauperis*, if he wishes to contest his continued detention.[4]

Accordingly, it is now

**ORDERED:**

Petitioner Lucas Dos Reis Laurindo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**, as premature.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

---

[4] Detention in excess of the six-month period alone is not sufficient to warrant relief. A petitioner additionally must set forth "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. at 701.

5